# JOSÉ C. BARBOSA
*v.*
# HOBART S. BIRD.

---

### ATTORNEY'S FEES—LOCAL LIBEL LAW.

1. The local statute giving in a libel suit to the defendant, in case judgment. is rendered in his favor, an attorney's fee in addition to other costs, is not applicable to the Federal court.
2. The meaning of U. S. Rev. Stat. § 823 (U. S. Comp. Stat. 1901, p. 632), that no other compensation shall be taxed as an attorney's fee except as provided in § 824 save where otherwise provided by law, is clearly to be understood as referring to United States law.

May 4, 1903.

---

*Messrs. Horton & Cornwell* for the plaintiff.

*Messrs. Dexter & Hord* for the defendant.

HOLT, Judge, delivered the following opinion:

In this action for libel the jury found for the defendant, Hobart S. Bird. He now moves that the judgment shall include, besides costs, an attorney's fee, to be fixed by the court, not exceeding $150. This motion is based upon the libel act of the Porto Rican legislature, § 7, which provides that if in such an action there be a judgment for the defendant, and if the court finds that the action was commenced without justifiable cause,

the judgment shall include, in addition to costs, an attorney's fee, to be fixed by the court, not exceeding said sum.

The United States Revised Statutes, § 823 (U. S. Comp. Stat. 1901, p. 632), provide, however, that no compensation for an attorney shall be taxed in a case except as provided in § 824, save in cases otherwise expressly provided by law, meaning, evidently, United States law. In a case tried before a jury a docket fee for the attorney of $20 is, by § 824, to be taxed. These statutory provisions are controlling in this court. The provisions of the libel act above cited apply only to the insular courts.

The motion is, therefore, overruled.